**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROBERTO J. VAZQUEZ,
          Appellant,

          v.

DEPARTMENT OF VETERANS
     AFFAIRS,
          Agency.

DOCKET NUMBER
DA-0752-15-0055-I-2

DATE: January 31, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Roberto J. Vazquez</u>, San Antonio, Texas, pro se.

<u>April Garrett</u> and <u>Jamelda Burton-Domino,</u> Houston, Texas, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the administrative judge's analysis of the appellant's affirmative defenses of discrimination and retaliation, we AFFIRM the initial decision.

The agency removed the appellant from his position as a Medical Support Assistant based on the following charges: (1) failure to follow established procedures; (2) failure to follow instructions; (3) lack of candor; (4) misuse of Government time; (5) absent without leave (AWOL); (6) offensive language; and (7) failure to safeguard personally identifiable information. *Vazquez v. Department of Veterans Affairs*, MSPB Docket No. DA-0752-15-0055-I-1, Initial Appeal File (IAF), Tab 10, Subtabs 4d, 4k. The appellant filed a Board appeal and requested a hearing. IAF, Tab 1. Following a hearing, the administrative judge issued an initial decision sustaining the removal. *Vazquez v. Department of Veterans Affairs*, MSPB Docket No. DA-0752-15-0055-I-2, Appeal File (AF), Tab 38, Initial Decision (ID). She first found that the second specification of the lack of candor charge and the AWOL charge involved the same misconduct, that the AWOL charge was a continuation of the lack of candor specification, and she merged the two into one AWOL charge. ID at 3-4. She also found that the agency did not prove the misuse of Government time charge by preponderant evidence and did not sustain the charge. ID at 12-14. The administrative judge determined that the agency had proven the remaining charges. ID at 4-22. She then found that the appellant had not proven his affirmative defenses of laches,

discrimination on the bases of his race and national origin, retaliation for prior equal employment opportunity (EEO) activity, and due process violations. ID at 22-29. The administrative judge concluded that a nexus existed between the sustained misconduct and the efficiency of the service. ID at 30. Finally, despite her decision not to sustain all of the agency's charges, she found that the penalty of removal was reasonable. ID at 30-32. The appellant filed a petition for review of the initial decision; the agency did not respond. Petition for Review (PFR) File, Tab 15.

On review, the appellant renews his arguments that he did not receive adequate training on the procedures and instructions he was charged with failing to follow, the charge of failure to follow instructions was inaccurate, the charges should not be sustained on the ground of laches, agency officials discriminated against him because of his ethnicity and in retaliation for his protected EEO activity, the agency did not show a nexus between the misconduct and the penalty, and he was subjected to a disparate penalty. *Id.* He also reargues the merits of the charges of failure to follow instructions, AWOL, and offensive language. *Id.* at 11-20. We have considered the appellant's arguments but conclude that they do not establish error in the administrative judge's well-reasoned findings. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

We also find the appellant's arguments regarding the administrative judge's rulings during the proceedings to be without merit. We find no evidence that the administrative judge exhibited bias against the appellant or failed to advise him of the relevant hearing procedures. PFR File, Tab 15 at 7-8. An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a

deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Here, the appellant's assertion of bias is contrary to his characterizing the administrative judge's conduct as "impartial and fair" immediately after the hearing and is not supported by the hearing record. AF, Tab 34 at 3, Tab 35, Hearing Compact Disc (HCD). Moreover, the administrative judge sufficiently advised the appellant of the relevant elements and burdens of proof to establish his affirmative defenses, and of general hearing procedures prior to and during the hearing. AF, Tab 13, Tab 23, HCD.

In addition, the appellant fails to support his argument that the administrative judge erred in excluding as cumulative or irrelevant the testimony of one of his witnesses, and we discern no reason to disturb this ruling. PFR File, Tab 15 at 33; AF, Tab 13 at 6 n.5. Finally, the administrative judge's finding that the appellant completed the annual agency privacy and information security training on November 13, 2014, contains a typographical error, as the record reflects that the appellant completed the training on November 13, 2013, thus we find no merit in the appellant's argument that the agency did not prove that he completed the training. PFR File, Tab 15 at 21; IAF, Tab 10, Subtab 4ee; AF, HCD (testimony of the privacy officer).

On review, the appellant also argues that the administrative judge erred in finding that the proposing and deciding officials were not aware of his EEO complaint in concluding that retaliation for his protected EEO activity was not a motivating factor in his removal.[2] PFR File, Tab 15 at 24-25; ID at 28-29. The

---

[2] In addition to notifying the appellant of the elements and burdens of proof to show discrimination on the bases of race and national origin, and retaliation for protected EEO activity, the administrative judge issued an additional order notifying the appellant of the elements and burdens of proof to show discrimination of the bases of disability and religion. AF, Tabs 13, 23. The administrative judge did not address any claims of discrimination on the bases of disability or religion in the initial decision, and the record does not reflect that the appellant asserted discrimination on these bases.

proposing and deciding officials each testified that they did not recall whether they knew of the appellant's EEO complaint at the time of his removal. AF, HCD (testimony of the proposing official and the deciding official). However, the record evidence reflects that each official may have been aware of the EEO complaint prior to the appellant's removal. The record contains an October 14, 2014 Equal Employment Opportunity Commission (EEOC) order granting the agency's motion for summary judgment, in which the EEOC administrative judge presiding over the matter found that it was not in dispute that the proposing official was "not aware of [the appellant's] national origin or his prior EEO activity until this claim was presented." IAF, Tab 10, Subtab 3b at 10. The agency's motion for summary judgment, the appellant's opposition to the motion, and the agency's reply were filed in July and August 2013, suggesting that the proposing official became aware of the complaint prior to the September 2014 proposed removal. *Id.* at 8, Subtab 4k at 1. Additionally, the appellant raised the EEO complaint in his reply to the proposed removal, thus the deciding official generally was aware of his EEO complaint at the time of his removal. *Id.*, Subtab 4f at 9.

Even if the proposing and deciding officials were aware of the appellant's protected EEO activity at the time of his removal, the administrative judge cited additional evidence in support of her finding that the appellant did not show that retaliation for his EEO activity was a motivating factor in his removal; moreover, she went on to find that the agency showed that it would have removed the appellant absent any retaliatory motive, and we discern no reason to disturb these findings. ID at 28-29. Accordingly, the appellant has not shown that any erroneous finding affected the outcome of this matter.

In assessing the appellant's evidence that discrimination on the bases of race or national origin and retaliation for protected EEO activity were a motivating factor in his removal, the administrative judge applied the evidentiary standards set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612,

¶¶ 42-43, 51 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25. ID at 23-29. In *Savage*, the Board stated that, when an appellant asserts an affirmative defense of discrimination or reprisal, the Board first will inquire whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. *Savage*, 122 M.S.P.R. 612, ¶ 51. The Board further stated that, in making his initial showing, an appellant may rely on direct evidence or any of the three types of circumstantial evidence described in *Troupe v. May Department Stores Co.*, 20 F.3d 734 (7th Cir. 1994), i.e., pretext, comparator or "convincing mosaic," either alone or in combination. *Savage*, 122 M.S.P.R. 612, ¶ 51.

The Board has since clarified that *Savage* does not require administrative judges to separate "direct" from "indirect" evidence and to proceed as if such evidence were subject to different legal standards, or to require appellants to demonstrate a "convincing mosaic" of discrimination or reprisal. *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 29 (2016) (quoting *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 764 (7th Cir. 2016)), *clarified by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-24. Instead, as the Board stated in *Savage*, the dispositive inquiry is whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. *Gardner*, 123 M.S.P.R. 647, ¶ 30; *see Savage*, 122 M.S.P.R. at 613, ¶ 51. Here, the administrative judge discussed the distinction between direct and circumstantial evidence, but there is no indication that she disregarded any evidence because it was not direct or circumstantial, and we conclude that she properly considered the evidence as a whole in finding that the appellant failed to prove by preponderant evidence that discrimination or retaliation was a motivating factor in the removal action.[3] ID at 23-29. As such,

---

[3] Because we discern no error with the administrative judge's motivating factor analysis or conclusion regarding this claim, we do not reach the question of whether discrimination or retaliation was a "but-for" cause of the removal action. *See*

we discern no basis upon which to disturb the administrative judge's findings denying the appellant's affirmative defenses.

On review, the appellant also alleges that the agency officials involved in his removal committed prohibited personnel practices; however, the alleged prohibited personnel practices are not related to his removal and do not establish a basis for review. PFR File, Tab 15 at 22-31. The appellant further renews his arguments that agency officials retaliated against him for filing complaints with a member of Congress and a complaint with the agency's Inspector General. *Id.* at 7, 23-26, 30-31. He also argues that the deciding official ignored complaints he made to her about alleged threats the proposing official made to him and about an alleged criminal assault by a supervisor in the polytrauma unit of the hospital. *Id.* at 7, 23-26. Although the appellant's arguments could be construed as raising an affirmative defense of retaliation for whistleblowing, the appellant's substantive arguments regarding these complaints are those that he raised in connection with his affirmative defense of discrimination; namely, that agency officials ignored his complaints or treated him more harshly than other employees because of his Mexican-American heritage. The administrative judge identified the appellant's affirmative defenses as discrimination on the bases of race and national origin and retaliation for protected EEO activity. AF, Tab 13 at 1-2, ID at 22. The appellant did not object to the administrative judge's characterization of his affirmative defenses in her summary of the prehearing conference or at the outset of the hearing. AF, Tab 13, HCD (statement of the appellant). Consequently, the administrative judge discussed the incidents that the appellant complained of in the context of his claim of discrimination and found that they did not evidence discrimination. ID at 24-28. On review, the appellant reargues the merits of his complaints and does not contest the administrative judge's analysis of the complaints in the context of his affirmative defense of discrimination. We discern no reason to disturb the administrative judge's

---

*Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

findings in this regard. *See Brown v. Department of the Army*, 96 M.S.P.R. 232, ¶ 6 (2004) (finding that a party cannot object on review to an administrative judge's characterization of a charge when the party did not object to the characterization set forth in the prehearing conference summary despite being afforded the opportunity to do so); *Langford v. Department of the Treasury*, 73 M.S.P.R. 129, 138 (1997) (finding that a party may not wait until after adjudication is complete to object for the first time to an administrative judge's hearing-related rulings).

The appellant has filed numerous supplemental exhibits to his petition for review, the majority of which are contained in the record below. PFR File, Tabs 15-17. To the extent the remaining supplemental exhibits are not in the record, the appellant has not shown that they were unavailable, despite his due diligence, before the record closed, and we decline to consider them. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (providing that under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence). Accordingly, we affirm the initial decision as modified herein.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision.    5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.